**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ELEUTERIO MURILLO GOMEZ, RANDAR** )<br>**VASQUEZ MUNOZ, and MAINOR SALAZAR** )<br>**MONTERO,** )<br>)<br>**Defendants.** ) | Case No. 3:21-cr-0001 |

**ATTORNEYS:**

**Delia L. Smith, United States Attorney**
**Adam F. Sleeper, Assistant United States Attorney**
United States Attorney's Office
St. Thomas, U.S.V.I.
　*For the United States of America,*

**Joseph A. DiRuzzo, III, Esq.,**
DiRuzzo & Company
Ft. Lauderdale, FL,
　*For Defendant Randar Vasquez Munoz.*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge.**

　**BEFORE THE COURT** is Defendant Randar Vasquez Munoz's ("Munoz") Motion to Dismiss [for] Violation of the Speedy Trial Act. (ECF No. 52.) Munoz specifically seeks to dismiss the Information and the Indictment with prejudice for violation of 18 U.S.C. § 3161(b). For the reasons stated below, the Court will deny the motion.

### I.　FACTUAL BACKGROUND AND PROCEDURAL HISTORY

　Because the Court writes exclusively for the parties, this Memorandum Opinion will only set forth the facts and procedural history relevant to the instant motion.

　On November 26, 2020, while on routine patrol, the United States Coast Guard Cutter James intercepted a vessel deemed without nationality approximately one hundred and fifteen (115) nautical miles off the coast of Isla De Malpelo, Columbia. (ECF No. 1-1.) The

federal agents aboard Coast Guard Cutter James stopped the vessel and conducted "a full law enforcement boarding." (ECF No. 72.) The boarding resulted in a search of the vessel wherein the agents discovered "eleven (11) bales containing a total of approximately 383 kilograms of cocaine." *Id.* The three defendants aboard the vessel, including Munoz, were subsequently detained. (ECF No. 46.)

The Government filed a criminal complaint ("the Complaint") in the District of the Virgin Islands on December 4, 2020. (ECF No. 1.) On December 8, 2020, the Government filed three motions seeking detention for each of the defendants along with a motion to unseal the case.[1] (ECF Nos. 7, 8, and 9.) Although the Complaint, the motions for detention, and the motion to unseal the case were filed in this Court, Munoz and his codefendants were initially transported to Miami, Florida, and arrived there on December 7, 2020. While in Miami, the defendants made their initial appearance in the Southern District of Florida on December 9, 2020. (ECF No. 46.) During their initial appearance in Florida, the Magistrate Judge ordered the defendants to be held in custody until they could post bond in the amount of $250,000 dollars. (ECF No. 12 at 5, 6, & 7.) The Magistrate Judge also ordered the United States Marshal to transport the defendants to the District of the Virgin Islands. (ECF No. 12 at 32-40.)

While the defendants were in transit, the Government filed a three-count information (the "Information") in the District of the Virgin Islands on January 6, 2021, charging each of the defendants with: (1) conspiracy to possess a controlled substance with intent to distribute while on board a vessel; (2) possession of a controlled substance with intent to distribute while on board a vessel; and (3) failure to heave to. (ECF No. 10.) Then, on April 15, 2021, the Grand Jury returned an Indictment ("the Indictment") against the defendants charging each defendant with the same charges contained in Count One and Count Two of the Information.[2] *See* ECF No. 31.

After some delay, the defendants eventually arrived in St. Thomas in April. An arraignment and detention hearing were held for the defendants before the Magistrate Judge

---

[1] The Motion to Unseal, ECF No. 5, was granted by this Court on the same day it was filed. *See* ECF No. 6.

[2] The Grand Jury did not charge the defendants with the charge found in Count Three of the Information—the failure to heave to. *See* ECF No. 31.

on April 21, 2021. (ECF Nos. 18, 36, 38.) Following the hearing, the Magistrate Judge addressed the Government's motions for detention and issued orders maintaining the detention conditions imposed by the United States District Court for the Southern District of Florida. (ECF Nos. 40-42.)

Munoz filed the instant motion on May 6, 2021, seeking a dismissal with prejudice because the Government failed to file an information or indictment within thirty days of his arrest. (ECF No. 52.) The Government filed its response opposing the motion on May 27, 2021. (ECF No. 69.)

## II. LEGAL STANDARD

Under Title 18, Section 3161(b) of the Speedy Trial Act, "any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."[3] While the thirty-day Speedy Trial clock begins as soon as the defendant has been arrested, the term "arrest" has a specific meaning for Speedy Trial purposes. The majority view, which this Court has previously adopted, maintains that a person is only "arrested" for Speedy Trial purposes when: (1) the defendant is held in federal detention; and (2) formal charges, such as a complaint, have been filed.[4] Either factor alone

---

[3] "The defendant bears the burden of proving a violation of the Speedy Trial Act." *United States v. Williams*, Crim. No. 2019-41, 2019 WL 4786948, at *1 (D.V.I Sept. 30, 2019) (citing 18 U.S.C. § 3162(a)(2)).

[4] *United States v. Bagster*, 915 F.2d 607, 611 (10th Cir. 1990); *see United States v. Wearing*, 837 F.3d 905, 908 (8th Cir. 2016) ("the term 'arrest' in § 3161(b) '[i]s an arrest where the person is charged with an offense.'") (quoting *United States v. Jones*, 676 F.2d 327, 331 (8th Cir. 1982); *United States v. Salgado*, 250 F.3d 438, 454 (6th Cir. 2001) ("a defendant is not 'arrested' for purposes of the Speedy Trial Act until formal federal charges are pending, that is, when a formal complaint or charge is issued."); *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995) ("[S]ection 3161(b) requires an arrest as well as a charge—and . . . the arrest must be a federal arrest upon a federal charge.'") (quoting *United States v. Lee*, 818 F.2d 302, 305 (4th Cir. 1987)); *United States v. Kubiak*, 704 F.2d 1545, 1548 (11th Cir. 1983) ("although the appellants were initially arrested by federal authorities, they were never taken before a federal magistrate, nor were federal charges ever lodged against the appellants in a complaint," therefore the Speedy Trial clock was not triggered); *see also United States v. Peterson*, 698 F.2d 921, 923 (8th Cir. 1982) ("thirty-day arrest to indictment time limit does not commence until there is a pending criminal charge"); *United States v. Anyelo*, Crim. No. 2019-0020, 2020 WL 1676797, at *3 (D.V.I. Apr. 6, 2020) ("For the purposes of the Speedy Trial Act, the term 'arrested' requires the filing of formal charges") (citations omitted); *cf. United States v. Bailey-Snyder*, 923 F.3d 289, 294 (3d Cir. 2019) (finding that administrative segregation is not an arrest for purposes of the Speedy Trial Act because there were no prosecutorial basis to justify his segregation, i.e., there were no formal charges against him).

is insufficient to trigger the thirty-day Speedy Trial clock. *See United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 28 (D.D.C. 2000) ("only an arrest in connection with federal charges triggers § 3161(b) of the Speedy Trial Act") (*quoting United States v. Mills*, 964 F.2d 1186, 1193 (D.C. Cir. 1992)); *United States v. Bloom*, 865 F.2d 485, 490 (2d Cir. 1989) ("An arrest that is not for purposes of answering to criminal charges thus does not begin the thirty-day period. . . ."); *United States v. Johnson*, 815 F.2d 309, 312 (5th Cir. 1987) ("The filing of a federal complaint does not, in the absence of a federal arrest in connection with that complaint, trigger the time requirement of 3161(b)."); *United States v. Shahryar*, 719 F.2d 1522, 1524 (11th Cir. 1983) (opining that the mere filing of a complaint was insufficient to trigger the Speedy Trial Act's timing provisions, there must also be a federal deprivation of liberty in connection with the complaint).

Moreover, although the thirty-day period to file an information or indictment begins as soon as a defendant is arrested, the Speedy Trial Act states that certain periods of delay are "excluded in computing the time within which an information or an indictment must be filed." 18 U.S.C. § 3161(h). Relevant for the purposes of this motion are the following:

> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
>     . . .
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>     . . .
> (F) delay resulting from transportation of any defendant from another district, . . . . except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;
>     . . .
> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the Court.

18 U.S.C. §§ 3161(h)(1)(D), (F), (H).

Therefore, to demonstrate a violation of Section 3161(b) of the Speedy Trial Act, the defendant must show more than thirty non-excludable days passed between the defendant's

arrest and the Government's filing of the information or indictment. *See Anyelo*, 2020 WL 1676797 at *3.

### III.    DISCUSSION

Munoz's instant motion is fairly straightforward. He first notes that under Section 3161(b), the Government must file an information or indictment within thirty days of a defendant's arrest. (ECF No. 52 at 1.) Munoz then asserts that he was arrested when the U.S. Coast Guard detained him on November 26, 2020. *See id.* at 2. Accordingly, Munoz claims that the Government was required to file an information or indictment by December 25, 2020— thirty days after the date Munoz claims he was arrested. *Id.* Because the Government did not file an information or indictment until January 6, 2021, Munoz contends the Speedy Trial Act was violated, and as such, the charges in the Information and Indictment should be dismissed. *See id.* at 3.

The Government disagrees that the Speedy Trial Act has been violated because it argues that less than thirty non-excludable days elapsed between Munoz's arrest and the Government's filing of the Information in this case. (ECF No. 69 at 6.) The Government first claims that eight of the forty-one days in question are excluded because Munoz was not arrested, for the purposes of triggering the thirty-day Speedy Trial clock, until the Government filed the Complaint on December 4, 2020. *See id.* at 8. Therefore, the Government concludes only thirty-three total days elapsed between Munoz's arrest and the filing of the Information. *See id.* Of those thirty-three days, the Government contends that no fewer than twelve of those days are excluded under 18 U.S.C. § 3161(h). *See id.* at 10. Specifically, the Government argues that because it filed pretrial motions for detention on December 8, 2020, that were not disposed of until April 21, 2021, twenty-nine of the thirty-three days are excludable under Section 3161(h)(1)(H).[5] *See id.* at 9-10.

Moreover, even if those twenty-nine days were not excludable due to the exception for pretrial motions, the Government contends that there are still at least ten excludable days under 18 U.S.C. § 3161(h)(1)(F), which permits exclusions of time for transportation of a

---

[5] The Government also notes that December 8, 2020, should also be excluded because of the pretrial motion to unseal the case— a motion which was granted on the same day. (ECF No. 69 at 9.)

defendant from one district to another. *Id.* at 10. According to the Government, a transportation delay of up to ten days is presumptively reasonable. (ECF No. 69 at 10.) Therefore, since the defendants were ordered to be transferred to St. Thomas on December 9, 2020, and the trip took well over ten days, the first ten days of the trip are excluded from the Speedy Trial calculation. *See id.*

Thus, based on these various exclusions and the timing of Munoz's arrest, the Government maintains that significantly less than thirty non-excludable day passed between the filing of the Complaint and the filing of the Information in this case.[6] *Id.*

### A. Munoz was not arrested for the purposes of triggering the Speedy Trial clock until December 4, 2020.

The Information was filed in the above captioned case on January 6, 2021. To determine whether the thirty-day time limit to file an information had already lapsed, the Court must first determine when Munoz was arrested. As noted earlier, a defendant is only arrested for Speedy Trial Act purposes once the defendant is in federal detention and formal charges are filed. *See supra* note 3. Here, Munoz and his codefendants were detained by U.S. Coast Guard agents on November 26, 2020. While this detention may meet the federal detention requirement, Munoz had not yet been arrested for purposes of the Speedy Trial clock because no formal charges had been filed against him. *See United States v. Oliver*, 238 F.3d 471, 743 (3d Cir. 2001) (concluding that a formal complaint is what triggers the thirty day time period.); *Hsin-Yung*, 97 F. Supp. 2d at 29 ("[Defendant] was not 'arrested' when the Coast Guard boarded the [vessel] for the purposes of the STA. . . . '[O]nly an arrest in connection with federal charges triggers § 3161(b) of the Speedy Trial Act.'") (quoting *United States v. Mills*, 964 F.2d 1186, 1193 (D.C. Cir. 1992) (en banc)); *Kubiak*, 704 F.2d at 1548 (Coast Guard detention did not constitute an arrest to trigger the Speedy Trial clock); *Anyelo*, 2020 WL 1676797, at *4 ("Although all eleven defendants were detained by the Coast Guard on or about September 26, 2019, they were arrested for Speedy Trial Act purposes on

---

[6] While the Government also contends that this Court's Thirteenth and Fourteenth Operations Orders are a basis for tolling the thirty-day Speedy Trial clock, ECF No. 69 at 7, the Court finds it unnecessary to address the COVID-19 related Orders given that the Court finds that less than thirty non-excludable days have elapsed under the express statutory provisions of the Speedy Trial Act.

October 7, 2019 [when the Complaint was filed].").[7] Munoz, therefore, was not arrested until December 4, 2020, when the Government filed the Complaint in this matter. *See* ECF No. 1. Consequently, thirty-three total days elapsed between Munoz's arrest and the Government's filing of the Information. While the total number of days between the arrest and the filing of the Information exceeds thirty, when determining whether a Speedy Trial violation has occurred, the Court is only concerned with the number of non-excludable days that have elapsed. *See Anyelo*, 2020 WL 1676797 at *3. In this instance, there are well over four days which may be excluded from the thirty-day Speedy Trial clock.

### B. Excludable Time under the Speedy Trial Act for Pretrial Motions

One such basis for excluding time under the Speedy Trial clock is pretrial motions. The first exclusionary period the Court will address is found under 18 U.S.C. § 3161(h)(1)(H) which permits any "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."[8] According to the Third Circuit, this provision tolls the Speedy Trial clock from the filing of the pretrial motion until thirty days after the court "has 'receive[d] all the papers it reasonably expects' from the parties." *United States v. Adams*, 36 F.4th 137, 148 (3d Cir. 2022) (quoting *Henderson v. United States*, 476 U.S. 321, 329 (1986)).

Even more time may be excluded if a court determines a hearing is necessary to resolve a pretrial motion. Pursuant to 18 U.S.C. § 3161(h)(1)(D), when the court determines that a hearing on a pretrial motion is necessary, "all time between the filing of and the hearing on a motion whether that hearing was prompt or not" is excluded from the Speedy Trial calculation. *Adams*, 36 F.4th at 147 (quoting *Henderson*, 476 U.S. at 331-32) (citing *United States v. Lattany*, 982 F.2d 866, 874 (3d Cir. 1992) ("Subsection (h)(1)[(D)] does not impose a reasonableness limitation on delay due to pretrial motions.")).

---

[7] In addition to extensive precedent which holds that an arrest for Speedy Trial purposes may only be triggered by a formal complaint, *see supra* note 3, the other provisions in the Speedy Trial Act also support such a conclusion. For example, there is no remedy for a violation of the thirty-day Speedy Trial clock when there is no complaint filed. *See* 18 U.S.C. § 3162(a)(1). Therefore, logically, a complaint is necessary to trigger the thirty-day Speedy Trial clock. *See United States v. Graef*, 31 F.3d 362, 364 (6th Cir. 1994).

[8] Pretrial motions are included within the scope of this subsection. *See United States v. Felton*, 811 F.2d 190, 197 (3rd Cir. 1987).

*United States v. Eleuterio, et al.*
Case No. 3:21-cr-0001
Memorandum Opinion
Page 8 of 10

In the case currently before the Court, the Government filed motions for detention against Munoz and the other two codefendants on December 8, 2020. (ECF Nos. 7, 8, 9.) Because "motions regarding the defendant's pretrial detention and bond are 'pretrial motions' for speedy trial purposes," Section 3161(h)(1)(H) applies to these motions. *Lattany*, 982 F.2d at 873 n.6; *see also Williams*, 2019 WL 4786948 at *2 ("[T]he United States orally moved to detain Williams pending trial. That motion tolled the running of the speedy trial clock."). Therefore, the time from the filing of the Government's motion until thirty days after the Court received all the papers it could reasonably expect regarding the motions for pretrial detention are excluded from the Speedy Trial clock calculation.

Here, Munoz and the other two defendants had fourteen days to file a response to the Government's motions. *See* LRCr 1.2. and LRCi 6.1(5).[9] Munoz did not file a response until April 19, 2021, and the other defendants did not file a response at all. (ECF No. 33.) Given that Munoz and his codefendants did not file a response within the fourteen-day time limit, the Court received all the papers it could have reasonably expected on December 22, 2020.[10] At that point the Government's motions were "under advisement." Therefore, the Court then had another thirty days from December 22, 2020, to dispose of the motions before the Speedy Trial clock began ticking once more. *See Adams*, 36 F.4th at 147. Thus, pursuant to Section 3161(h)(1)(H), the time between December 8, 2020—the date the motions were filed—through January 21, 2021—the last day the motions were considered "under advisement" by the Court—is excluded from the thirty-day Speedy Trial calculation. Consequently, only four non-excludable days elapsed from the filing of the Complaint to the filing of the Information.

Section 3161(h)(1)(D) of the Speedy Trial Act also supports the Government's assertion that only four nonexcludable days occurred between the defendants' arrest and

---

[9] LRCr 1.2 states that "[i]n cases of general procedure not covered by these Rules, the Local Rules of Civil Procedure shall apply." The Local Rules of Criminal Procedure do not address the time to respond to the type of motion at issue here. Therefore, the Local Rules of Civil Procedure apply to this issue. LRCi 6.1(5) states that "[e]xcept as provided in LRCi 6.1(b)(1) and (2) or otherwise provided by order of Court, a party shall file a response within 14 days after service of the motion."

[10] December 22, 2020 is fourteen days after the Government's motions for detention were filed. *See* ECF No. 7, 8, 9.

the filing of the Information in this case. The Magistrate Judge held a hearing on the Government's motions and disposed of the pending motions on April 21, 2021. (ECF Nos. 38, 40-42.) Accordingly, because there was a hearing on the motion, all time from the filing of the motion on December 8, 2020, until the detention hearing on April 21, 2021, is excluded from the Speedy Trial calculation. *See United States v. Tinkleberg*, 563 U.S. 647, 656 (2011).

### C. Other Basis for Excluding Time Under the Speedy Trial Act

While Munoz did not make such an argument, the Government raises a concern that its motions for detention may have been effectively ruled on when the Magistrate Judge in the Southern District of Florida addressed the issue of detention in the December 9, 2020 proceedings. (ECF No. 69 at 10.) If this were the case, instead of the Government's pretrial motions excluding twenty-nine days from the Speedy Trial clock, the motions would only have excluded two days: December 8, 2020, the day the motions for detention were filed, and December 9, 2020, the day the motions were arguably ruled upon by the Magistrate Judge in the Southern District of Florida. *See United States v. Kraselnick*, 702 F. Supp. 489, 491 (D.N.J. 1988) ("[B]oth the date on which a motion is filed…and the date on which the court disposes of a motion are excluded."). Such a finding would leave thirty-one total days between the defendants' arrest and the filing of the Information. However, the Court agrees with the Government that, even assuming arguendo, the motions for detention were resolved by the proceedings in the Southern District of Florida, there are still at least ten days which may be excluded from the thirty-day Speedy Trial clock.

Pursuant to Section 3161(h)(1)(F), the Speedy Trial clock is tolled for any "delay resulting from the transportation of any defendant from another district." This time is excluded from the thirty-day Speedy Trial clock automatically, irrespective of whether the transportation of the defendant actually delayed the timing of any proceeding or the filing of the information or indictment. *See United States v. Tinkleberg*, 563 U.S. 647, 656 (2011) (finding that Section 3161(H)(1)(F) applies "automatically"); *see also United States v. Barnes*, 159 F.3d 4, 10 (1st Cir. 1998) (noting that transportation exclusion applies to the thirty-day Speedy Trial Clock). Under Section 3161(h)(1)(F), a delay of ten days to transport the defendant is presumptively reasonable. *Cf. United States v. Browne*, 49 V.I. 777, 786 (D.V.I.

2008) ("Pursuant to the express terms of Section 3161(h)(1)[F], transportation delays in excess of ten days are presumed unreasonable") (citations omitted). Here, the Magistrate Judge in the Southern District of Florida ordered the Defendant to be transported from Miami to St. Thomas on December 9, 2020. However, Munoz and the other defendants did not arrive in St. Thomas until April. Munoz does not argue that any of the delay in transporting the defendants was unreasonable. Therefore, under Section 3161(H)(1)(F), at least ten of the days the defendants were in transit, specifically December 9, 2020 through December 19, 2020, are excluded from the Speedy Trial clock calculation. Accordingly, even if the motions for detention were resolved on December 9, 2020, there would still only be 21 non-excludable days that elapsed between Munoz's arrest and the Government's filing of the Information.

## IV. CONCLUSION

Because Munoz and his codefendants were not arrested until December 4, 2020, and there are at least twelve excludable days during the relevant time period, the Court finds that less than thirty non-excludable days elapsed between the date of Munoz's arrest and the Government's filing of the Information on January 6, 2021. Therefore, Munoz has failed to demonstrate a Speedy Trial Act violation. The premises considered, the Court will deny Defendant Randar Vasquez Munoz's Motion to Dismiss for Violation of the Speedy Trial Act. An accompanying Order of even date will follow.

**Dated:** April 15, 2024                                        */s/ Robert A. Molloy*
                                                                **ROBERT A. MOLLOY**
                                                                **Chief Judge**